

July 25, 2024

Molly Dwyer
Clerk, U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

  Re: *U.S. SEC, et al. v. Chicago Title Company, et al.*, No. 22-56206

    **Response to July 18, 2024 FRAP 28(j) letter filed by Ovation Fund Management II, LLC in No. 22-56208**

Dear Ms. Dwyer:

  Appellees Chicago Title Company and Chicago Title Insurance Company, and Appellee-Receiver Krista Freitag, submit this response regarding Ovation Fund Management II, LLC's FRAP 28(j) letter.

  First, Ovation is not a participant in 22-56206, an unconsolidated appeal. The only appellants are Kim Peterson and his entities, which is important because Peterson argued below that *In re Lowenschuss*, 67 F.3d 1394, 1401 (9th Cir. 1995) (holding bankruptcy code "precludes bankruptcy courts from discharging the liabilities of non-debtors") should apply to this case. *Harrington v. Purdue Pharma L.P.*, the subject of Ovation's letter, adopted the same interpretation of the bankruptcy code as *Lowenschuss*. 603 U.S. __, 144 S. Ct. 2071, 2088 (2024) ("[W]e hold only that the bankruptcy code does not authorize a release [that] effectively seeks to discharge claims against a nondebtor").

  The district court held *Lowenschuss* is inapplicable to an equitable receivership. 1-ER-15. Peterson did not challenge that ruling in his opening brief. AOB 56. Therefore, Peterson forfeited any argument

based on *Lowenschuss*—or *Harrington*. *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 335 (9th Cir. 2017).

Second, the analysis in *Harrington* is tied entirely to the text of the bankruptcy code. This Court and many other courts have held that while principles of bankruptcy law may apply to equitable receiverships, the bankruptcy code itself does not. *See*, *e.g.*, *Winkler v. McCloskey*, 83 F.4th 720, 723, 725-26 (9th Cir. 2023); *Duff v. Cent. Sleep Diagnostics, LLC,* 801 F.3d 833, 844 (7th Cir. 2015); *SEC v. Great White Marine & Recreation, Inc.*, 428 F.3d 553, 557 (5th Cir. 2005).

Ovation cites *SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830 (5th Cir. 2019), but the Fifth Circuit later distinguished *Stanford* from cases like this, approving bar orders—despite *Lowenschuss*/*Harrington*-aligned bankruptcy precedent—where, as here, the plaintiffs' claims are derivative. *See Rotstain v. Mendez*, 986 F.3d 931, 939-41 (5th Cir. 2021); *see also SEC v. DeYoung*, 850 F.3d 1172, 1180-83 (10th Cir. 2017) (bar order despite same bankruptcy precedent).

Thus, the decision in *Harrington* has no bearing on this case, an equitable receivership that the bankruptcy code does not control.

                                Respectfully Submitted,

By:  <u>s/ Ben Feuer</u>
      Ben Feuer
      Rex S. Heinke
      Johanna S. Schiavoni
      Jessica M. Weisel
Complex Appellate Litigation Group LLP

     Steven A. Goldfarb
Hahn Loeser & Parks LLP

     Megan Donohue
Cooley LLP

*Attorneys for Appellees Chicago Title and Chicago Title Insurance Company*

        Edward G. Fates
        Michael R. Farrell
        David R. Zaro
Allen Matkins Leck Gamble Mallory & Natsis, LLP

*Attorneys for Receiver-Appellee Krista Freitag, Receiver for ANI Development, LLC, American National Investments, Inc., and their subsidiaries and affiliates*